Judge Owsley
delivered the opinion of the court.*
Stephenson having obtained against Taylor a judgment at law, Taylor exhibited his bill in equity, with injunction, *236 for the purpose of being relieved from the payment of part thereof, in consequence, as he charges, of a fraud committed upon him by Stephenson, in representing the tract of land, purchased by him of Stephenson, and which forms the consideration of the obligation upon which the judgment is founded, to contain fifty acres, when, as he alledges, the tract, in fact, contains but thirty-five acres.
On fí'c.s^p ii*v'rantain-e<fin a tract <>: lñllí.1 SOid» ⅛0⅛£ ¿''otó the deficit ( f unit deficit nf.t force The injuredpa-ty ta law.
IVickli!j¿ for plaintiff in error.
The cause having come on to a final hearing, and the court being of opinion Taylor ought to be released, pronounced a decree making the injunction perpetual for $255, and compelling Stephenson to pay cost.
The evidence in the cause is satisfactory to shew that represented the tract to contain fifty acres, so that >f proof had been made of the tract not containing that quantity of acres, there could exist no difficulty in compelling Stephenson to make compensation for the defi-
B»t upon adverting to the evidence and exhibits in the cause, it will be perceived, that Taylor has totally failed to shew, either by a survey, or the testimony of any witnesses, iract docs not, iii fact, contain the quantity of acres represented by Stephenson; and as Stephenson has not admitted the tract to contain less, but alledges an ignorance of the true quantity, in the absence of proof shewing a deficit, it was improper to make a decree against him.
The decree of the court below must therefore be reversed with cost, the cause remanded, and the injunction dissolved, and the bill dismissed with cost.

Absent, Judge Logan.